(100 App. Div. 421)

### BROWN v. LEARY.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. JUDGMENT ON DEMURRER—FORM.

On overruling a demurrer to the complaint there should be a decision directing the entry of an interlocutory judgment.

2. SAME—APPEALABLE ORDERS.

An order merely, without a judgment, overruling a demurrer to a complaint, is not appealable.

3. CONVERSION BY PLEDGEE.

A pledgee being entitled to possession of the property until redeemed, the mere assertion of title is not sufficient to constitute conversion and entitle the pledgor to recover its value in excess of the amount of the loan.

¶ 2. See Appeal and Error, vol. 2, Cent. Dig. § 688.

Appeal from Special Term.

Action by Isaac T. Brown against Mary C. Leary, as administratrix. From an order of the Special Term overruling a demurrer to the complaint and from an interlocutory judgment overruling the demurrer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Albert W. Wray, for appellant.
Benjamin E. De Groot, for respondent.

LAUGHLIN, J. The practice in this case was irregular. There should have been a decision directing the interlocutory judgment, but instead there is merely an order. The order, even if it could be treated as a decision, is not appealable. The appeal should be from the interlocutory judgment only. The plaintiff's assignor transferred real estate and other property to the defendant as security for loans. It is alleged in the complaint that the defendant subsequently asserted absolute title to the pledged property, and judgment is demanded for the value of the property over and above the amount of the loans, on the theory that the assertion of title was a conversion, and that it gave the owner an election to treat the transfers as sales. The demurrer was upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. There is no allegation that the pledgee disposed of any of the property, nor is there any allegation of a tender of the amount of the loans and interest, and demand for the return of the property. The pledgee was entitled to the possession of the property until the same was redeemed; and the mere assertion of title was not sufficient to constitute a conversion, even as to the personal property, and, of course, there could be no conversion as to the realty. Nor did the mere assertion of title give the plaintiff the election to treat the transfers as sales, and recover the value over and above the amount of the loans.

It follows that the appeal from the order should be dismissed, with $10 costs, and the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to plaintiff to amend upon payment of the costs of the appeal and of the demurrer. All concur.